**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **GEORGE[6] S. ROLLINS** | : | |
| | : | |
| **v.** | : | **C.A. 06-30** |
| | : | |
| **A.T. WALL** | : | |

**STATE OF RHODE ISLAND'S MOTION TO DISMISS "PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS"**

Now comes the State of Rhode Island, by and through its attorneys, and, for the reasons expressed in the accompanying supporting memorandum, respectfully prays that this court dismiss plaintiff's petition under 28 U.S.C. §2254 for Writ of Habeas Corpus on the grounds that such petition 1) is time-barred under 28 U.S.C. §2244(d), 2) is unexhausted, and 3) does not conform to the rules governing habeas corpus actions.

Wherefore the State of Rhode Island would respectfully request that this Honorable Court dismiss plaintiff's petition under 28 U.S.C. §2254 for Writ of Habeas Corpus.

[6] According to information received by the undersigned from an official at the Rhode Island Adult Correctional Institutions (A.C.I.), there is no inmate named *George* Rollins currently incarcerated at the ACI; there is, however, an inmate *Stephen* Rollins (also known as (AKA) George Rollins), and the State, in this motion-to-dismiss, is operating with the understanding that Stephen Rollins (AKA George Rollins), is the Petitioner in this matter.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

AARON L. WEISMAN #4438
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

## Certificate of Service

I hereby certify that on the 13th day of February, 2006, I placed a copy of the within document in the U.S. mail, postage prepaid, to George S. Rollins (AKA Stephen Rollins) at P.O. Box 8200, Cranston, R.I. 02920.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **GEORGE[1] S. ROLLINS** | : | |
| | : | |
| **v.** | : | **C.A. 06-30** |
| | : | |
| **A.T. WALL** | : | |

**STATE OF RHODE ISLAND'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS "PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS"**

On August 12, 1997 Petitioner pled *nolo contendere* to felony assault and other offenses in consideration of a cumulative eighteen-year term of incarceration at the Rhode Island Adult Correctional Institutions. (*Please see* the attached *Criminal Docket Sheet Report* in Rhode Island Criminal Information Number P2-1996-4437AG.) To the best of the undersigned's knowledge and belief, Petitioner never challenged such plea disposition, either in the trial or the appellate courts.

28 U.S.C. § 2244(d)(1) provides, in relevant part, that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of *** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" As, again to the best of the undersigned's knowledge and belief, Petitioner did not ever challenge, his August 1997

[1] According to information received by the undersigned from an official at the Rhode Island Adult Correctional Institutions (A.C.I.), there is no inmate named *George* Rollins currently incarcerated at the ACI; there is, however, an inmate *Stephen* Rollins, also known as (AKA) George Rollins, and the State, in this memorandum, is operating with the understanding that Stephen Rollins (AKA George Rollins) is the Petitioner in this matter.

*nolo contendere* plea, on appeal to the Rhode Island Supreme Court, such plea has long since become "final", and is time-barred pursuant to 28 U.S.C. § 2244(d)(1).

The State would moreover respectfully suggest that, as it seems Petitioner did not ever challenge his plea in the Rhode Island Superior Court by way of a post-conviction relief application (R.I.G.L. § 10-9.1-1 *et seq.*), any instant challenges to his August 1997 plea have not been first been "exhausted" in the Rhode Island State courts, as required by 28 U.S.C. § 2254[2] (*see* O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S.Ct. 1728, 1731 (1999)).

Finally, Rule 29(c)(3) of this Court's Rules governing habeas corpus actions, provides, in relevant part, that "[t]he application *** shall set forth clearly and concisely the factual *and legal* grounds on which it [the 28 U.S.C. § 2254 action] is based" (*id.*

---

[2] As amended by the Antiterrorism and Effective Death Penalty Act of 1996, Public Law No. 104-132, 110 Stat. 1214, effective April 24, 1996, 28 U.S.C. § 2254 now states in relevant part:

> "(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B) (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies in the courts of the State.
> ***
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

(emphasis added)).[3] Petitioner's pleading, far from specifying what legal claims are presented, fails, at least from the undersigned's reading of it, to even indicate *which* conviction, if any at all, Petitioner is even attacking.[4] Plainly, the State would respectfully suggest, Petitioner has failed to comply with the most basic prerequisites of a 28 U.S.C. § 2254 application,[5] and for this reason as well the State would ask that the application be dismissed.

Wherefore, the State of Rhode Island would respectfully request that this Honorable Court dismiss plaintiff's petition under 28 U.S.C. §2254 for Writ of Habeas Corpus.

---

[3] *Please also see* Rule 2(c) of the *Rules Governing Section 2254 Cases In the United States District Court*, which, also in relevant part, provides that "[t]he petition *must* *** specify all the grounds for relief available to the petitioner; [] state the facts supporting each ground; [] state the relief requested; [and] [] be printed, typewritten, or legibly handwritten[.]" (*Id.* (emphasis added).)

[4] Petitioner appears to have a number of criminal convictions long predating his August 1997 felony–assault (and other offenses) *nolo* plea. *See* State v. Stephen G. Rollins, 359 A.2d 315 (R.I. 1976), State v. Stephen G. Rollins, 346 A.2d 150 (R.I. 1975), and State v. Stephen G. Rollins, 320 A.2d 103 (R.I. 1974).

[5] Petitioner, indeed, has provided so little information, that the State must make an assumption as to *who* George Rollins even is.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

AARON L. WEISMAN #4438
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**Certificate of Service**

I hereby certify that on the 13th day of February, 2006, I placed a copy of the within document in the U.S. mail, postage prepaid, to George S. Rollins (AKA Stephen Rollins) at P.O. Box 8200, Cranston, R.I. 02920.