UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GEORGE STEPHEN ROLLINS,[1] :
Petitioner, :
:
v. : CA 06-30 S
:
A.T. WALL, :
Respondent. :

**ORDER**
**DIRECTING PETITIONER**
**TO CLARIFY RELIEF SOUGHT**

Before the court is the State of Rhode Island's Motion to Dismiss "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus" ("Motion to Dismiss"). The Motion to Dismiss has been referred to this Magistrate Judge for a report and recommendation.

By way of background, on or about January 23, 2006, George Stephen Rollins ("Petitioner"), a prisoner confined at the Adult Correctional Institutions ("ACI"), filed a three page, hand-written document. The document appears to bear the heading "Habis [sic] Corpus,"[2] and it was docketed as a Petition for Writ

[1] Petitioner signed his Petition as "George Stephen Rollins." Petition at 1. However, the envelope in which the Petition arrived reflects that it is "From Stephen G. Rollins #53434." According to the State of Rhode Island, there is no inmate at the Adult Correctional Institutions named George Rollins, but there is an inmate Stephen Rollins who is also known as George Rollins. See State of Rhode Island's Motion to Dismiss "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus" at 1 n.6. As the case was docketed under the name George S. Rollins, the court identifies Petitioner above as George Stephen Rollins.

[2] The heading is not entirely legible because the case number stamped on the document partially covers it.

of Habeas Corpus.[3] Following standard practice, the court ordered the Attorney General of the State of Rhode Island to file a response to the Petition. On February 13, 2006, the State filed the instant Motion to Dismiss.

After reviewing the Petition, this Magistrate Judge is not certain that Petitioner is actually seeking habeas corpus relief. The Petition does not refer to any conviction or sentence, and it does not contain any request for release from confinement. Rather, the Petition appears to refer to conditions of confinement at the ACI.

Under the circumstances, the court deems it advisable to have Petitioner clarify the relief he is seeking. Accordingly, Petitioner is ordered to answer the following questions by March 30, 2006.

1. **Are you challenging a conviction or a sentence? (Yes or No)**
2. **If yes, what is the case number of the conviction(s) or sentence(s) you are challenging? What is the basis for your challenge?**
3. **If no, what is it that you are asking this court to do? (State plainly and be specific.)**

A failure to answer the above questions by March 30, 2006, will result in a recommendation for dismissal of the Petition.

So ordered.

---

[3] A previous filing in September of 2005 by Petitioner was treated as a petition for writ of habeas corpus. See Rollins v. State of Rhode Island, CA 05-394 T. The prior petition was dismissed on November 21, 2005, after Petitioner failed to either pay the $5.00 filing fee or provide an affidavit that he was unable to pay the fee and a certified copy of his prisoner trust account statement for the six months immediately preceding the filing of the petition.

ENTER:

BY ORDER:

DAVID L. MARTIN
United States Magistrate Judge
March 9, 2006

Deputy Clerk