UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GEORGE STEPHEN ROLLINS,[1]          :
                     Petitioner,    :
                                    :
          v.                        :          CA 06-30 S
                                    :
A.T. WALL,                          :
                     Respondent.    :


**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

     Before the Court is the State of Rhode Island's Motion to
Dismiss "Petition Under 28 U.S.C. § 2254 for Writ of Habeas
Corpus" (Document ("Doc.") #3) ("Motion to Dismiss").   The Motion
has been referred to me for preliminary review, findings, and
recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B).
The Court has determined that no hearing is necessary.   For the
reasons stated below, I recommend that the Motion to Dismiss be
granted.

**Procedural History**

     On or about January 23, 2006, George Stephen Rollins
("Petitioner"), a prisoner confined at the Adult Correctional
Institutions ("ACI"), filed a three page,[2] hand-written document

---

     [1] Petitioner signed his Petition as "George Stephen Rollins."
Petition at 3.   However, the envelope in which the Petition arrived
reflects that it is "From Stephen G. Rollins #53434."   According to
the State of Rhode Island, there is no inmate at the Adult
Correctional Institutions named George Rollins, but there is an inmate
Stephen Rollins who is also known as George Rollins.   See State of
Rhode Island's Motion to Dismiss "Petition Under 28 U.S.C. § 2254 for
Writ of Habeas Corpus" at 1 n.6.   As the case was docketed under the
name George S. Rollins, the court identifies Petitioner above as
George Stephen Rollins.

     [2] The third page of the Petition is two-sided.   See Petition at
3.

with the Court.   The document appears to bear the heading "Habis [sic] Corpus,"[3] and it was docketed as a Petition for Writ of Habeas Corpus (Doc. #1) ("Petition").[4]   Following standard practice, U.S. District Judge William E. Smith ordered the Attorney General of the State of Rhode Island (the "State") to file a response to the Petition.   See Order of 1/26/06 (Doc. #2). On February 13, 2006, the State filed the instant Motion to Dismiss (Doc. #3).   The Motion to Dismiss was referred to this Magistrate Judge on March 6, 2006.   See Docket.

After reviewing the Petition, the Court was not certain as to whether Petitioner was actually seeking habeas corpus relief. The Petition does not refer to any conviction or sentence, and it does not contain a request for release from confinement.   See Petition at 1-3.   Rather, the Petition appears to refer to conditions of confinement at the ACI.   See id.   Therefore, on March 9, 2006, the Court issued an order directing Petitioner to clarify the relief he was seeking by answering the following questions:

> 1.   Are you challenging a conviction or a sentence? (Yes or No)
>
> 2.   If yes, what is the case number of the conviction(s) or sentence(s) you are challenging?   What is the basis for your challenge?
>
> 3.   If no, what is it that you are asking this court to do?   (State plainly and be specific.)

---

[3] The heading is not entirely legible because the case number, which has been stamped on the document, partially covers it.

[4] A previous filing in September of 2005 by Petitioner was treated as a petition for writ of habeas corpus.   See Rollins v. State of Rhode Island, CA 05-394 T.   The prior petition was dismissed on November 21, 2005, after Petitioner failed to either pay the $5.00 filing fee or provide an affidavit that he was unable to pay the fee and a certified copy of his prisoner trust account statement for the six months immediately preceding the filing of the petition.

2

Order Directing Petitioner to Clarify Relief Sought (Doc. #4) ("Order of 3/9/06") at 2.

On March 20, 2006, the Court received a response from Petitioner (Doc. #5) ("Response to Order of 3/9/06"). He did not state whether he is challenging a conviction or sentence, provide a case number, or indicate the basis of such a challenge. See Response to Order of 3/9/06. He did, however, request that the Court release him from the ACI, see id., and, according to Petitioner, "that is what makes this a Hab[ea]s Co[r]pu[s]," id. Accordingly, the Court proceeds to address the Motion to Dismiss.

**Discussion**

The State argues that the Petition should be dismissed because it: 1) is time-barred under 28 U.S.C. § 2244(d); 2) is unexhausted; and 3) does not conform to the rules governing habeas corpus actions. Motion to Dismiss at 1. The Court addresses each of these grounds.

First, the State contends that the Petition is time-barred under 28 U.S.C. § 2244(d). See id.; see also State of Rhode Island's Memorandum in Support of Its Motion to Dismiss "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus" ("State's Mem.") at 1-2. Section 2244(d) provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable

3

> to cases on collateral review; or
> (D) the date on which the factual predicate of the
> claim or claims presented could have been
> discovered through the exercise of due diligence.
> (2) The time during which a properly filed application
> for State post-conviction or other collateral review with
> respect to the pertinent judgment or claim is pending
> shall not be counted toward any period of limitation
> under this subsection.

28 U.S.C. § 2244(d).  According to the State:

> On August 12, 1997[,] Petitioner pled *nolo contendere* to
> felony assault and other offenses in consideration of a
> cumulative eighteen-year term of incarceration at the
> Rhode Island Adult Correctional Institutions.  To the
> best of the [State's] knowledge and belief, Petitioner
> never challenged such plea disposition, either in the
> trial or the appellate courts.

State's Mem. at 1 (internal citation omitted); see also id.,
Attachment (Criminal Docket Sheet Report for Rhode Island
Criminal Information Number P2-1996-4437AG).  Thus, in the
State's view, "such plea has long since become 'final,' and is
time-barred pursuant to 28 U.S.C. § 2244(d)(1)."  State's Mem. at
2.

Petitioner has provided no information from which the Court
could conclude that the State's assertion that he did not
challenge the plea disposition is incorrect.  Moreover, the Court
cannot infer, based on the information in the Petition, that
Petitioner was prevented from filing such an appeal by any State
action, that Petitioner is attempting to assert a constitutional
right newly recognized by the Supreme Court, or that Petitioner
has recently discovered the factual predicate for his claim(s).
See 28 U.S.C. § 2244(d)(1)(B)-(D).  Thus, the one-year time limit
for filing the instant Petition began to run when the time for
such appeal expired, see 28 U.S.C. § 2244(d)(1)(A), or twenty
days after the entry of judgment on August 12, 1997, see R.I.

4

Sup. Ct. R., Art. I, R. 4(b).[5]  The Petition was filed on January 23, 2006.[6]  See Docket.  Accordingly, the Court finds that the Petition is time-barred.

Next, the State contends that "as it seems Petitioner did not ever challenge his plea in the Rhode Island Superior Court by way of a post-conviction relief application, any instant challenges to his August 1997 plea have not first been 'exhausted' in the Rhode Island State courts, as required by 28 U.S.C. § 2254."  State's Mem. at 2 (footnote and citations omitted); see also Motion to Dismiss at 1.  Section 2254 provides, in relevant part, that:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears

---

[5] Rule 4(b) provides that:

> **In a criminal case the notice of appeal by a defendant shall be filed with the clerk of the Superior Court within twenty (20) days after the entry of the judgment or order appealed from.**  A notice of appeal filed after the announcement of a decision, sentence or order but before entry of the judgment or order shall be treated as filed after such entry and on the day thereof.  If a timely motion in arrest of judgment or for a new trial on any ground other than newly discovered evidence has been made, an appeal from a judgment of conviction may be taken within twenty (20) days after the entry of an order denying the motion.  A motion for a new trial based on the ground of newly discovered evidence will similarly extend the time for appeal from a judgment of conviction if the motion is made before or within ten (10) days after entry of the judgment.  A judgment or order is entered within the meaning of this subdivision when it is entered in the criminal docket.  Upon a showing of excusable neglect the Superior Court may, before or after the time has expired, with or without motion and notice, extend the time for filing a notice of appeal for a period not to exceed thirty (30) days from the expiration of the time otherwise prescribed by this subdivision.

R.I. Sup. Ct. R., Art. I, R. 4(b)(bold added).

[6] The Petition is not dated, but it was received by the Court and docketed on January 23, 2006.  See Docket.

that--
          (A)   the   applicant   has   exhausted   the   remedies
          available in the courts of the State; or
          (B)(i)   there   is   an   absence   of   available   State
          corrective process; or
          (ii) circumstances exist that render such process
          ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Thus, a state court prisoner normally is required to exhaust his state court remedies prior to bringing an application for a writ of habeas corpus in federal court. See O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S.Ct. 1728, 1731, 144 L.Ed.2d 1 (1999)("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."); id. at 845, 119 S.Ct. at 1732 ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").[7]  Although Petitioner states that "we have the right to address our wrong acts in the ... Federal[] Court[]s ...," Petition at 2, Petitioner has provided no information from which the Court could infer that he has exhausted his state court remedies or conclude either that there is an absence of such state court corrective process or that

_____

[7] The State notes that Petitioner has prior criminal convictions which he apparently appealed. See State's Mem. at 3 n.4 (citing State v. Rollins, 359 A.2d 315 (R.I. 1976); State v. Rollins, 346 A.2d 150 (R.I. 1975); State v. Rollins, 320 A.2d 103 (R.I. 1974)). A search by the Court revealed no subsequent reported decisions.

circumstances exist which would render that process ineffective to protect his rights, see 28 U.S.C. § 2254(b)(1).  Therefore, the Court finds that the Petition should be dismissed due to lack of exhaustion of state court remedies.

Finally, the State asserts that the Petition does not conform to the Local Rules governing habeas corpus actions. Motion to Dismiss at 1; see also State's Mem. at 2-3.  The State cites Rule 29(c)(3)[8] of this Court's rules for the proposition that "[t]he application *** shall set forth clearly and concisely the factual *and legal* grounds on which it [the 28 U.S.C. § 2254 action] is based ...."  State's Mem. at 2 (alterations in original)(internal citation omitted).  In addition, the State notes that the federal rules governing § 2254 cases provide, in relevant part, that:

> The petition must:
>
> (1) specify all the grounds for relief available to the petitioner;
> (2) state the facts supporting each ground;
> (3) state the relief requested;
> (4) be printed, typewritten, or legibly handwritten; and
> ....

Rule 2(c), Rules Governing Section 2254 Cases in the United States District Court; see also State's Mem. at 3 n.3.

The Court agrees that the Petition fails to conform to Rule 2(c), quoted above.  It does not specify the grounds of relief available to Petitioner, nor does it state the facts which support each ground.  See Petition at 1-3.  In addition, although in his response to the Order of 3/9/06 Petitioner states that he seeks habeas corpus relief in that he seeks release from confinement, see Response to Order of 3/9/06, the Petition itself

---

[8] Rule 29 was superceded on January 1, 2006, by DRI LR Cr 57.1 (Applications for Post-Conviction Relief).

does not state the relief requested, see Petition at 1-3.

Based on the foregoing, I find that the Petition is time-barred, that Petitioner has failed to exhaust his state court remedies, and that the Petition does not conform to the Rules Governing Section 2254 Cases in the United States District Court. Accordingly, I recommend that the Motion to Dismiss be granted.

### Conclusion

I recommend that the Motion to Dismiss be granted. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

DAVID L. MARTIN
United States Magistrate Judge
May 30, 2006