UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GEORGE STEPHEN ROLLINS, :
Petitioner, :
:
v. : CA 06-30 S
:
A.T. WALL, :
Respondent. :

**ORDER**
**DENYING MOTION FOR**
**APPOINTMENT OF COUNSEL**

Before the Court is a motion[1] by Petitioner George Stephen Rollins ("Petitioner") for the appointment of counsel to represent him in appealing the Court's Order of June 22, 2006 (Document ("Doc.") #7), which dismissed his Petition for Writ of Habeas Corpus. The motion has been referred to me for determination.

With an exception not relevant here, see 28 U.S.C. § 2261 (addressing capital cases), there is no constitutional or statutory right to counsel in habeas proceedings; rather, the question is committed to the discretion of the district court. Morris v. Dormire, 217 F.3d 556, 558 (8th Cir. 2000). In addition, the United States Court of Appeals for the First Circuit has indicated that circumstances warranting the appointment of counsel in a habeas case will be "rare." United States v. Mala, 7 F.3d 1058, 1064 (1st Cir. 1993)("This seems ... to be the rare section 2255 case in which the appointment of counsel is warranted."). Among the factors to be considered in

---

[1] The "motion" is in the form of an undated letter from Petitioner (Document ("Doc.") #11), requesting the appointment of counsel. The letter was received on September 7, 2006, and the Court treats it as a motion.

deciding whether to appoint counsel are: 1) whether Petitioner has shown a fair likelihood of success on his constitutional claim(s), 2) whether the claim is factually and legally complex, and 3) whether the facts are undeveloped and whether Petitioner has the ability to investigate them. See id. at 1063-64; see also Morris v. Dormire, 217 F.3d at 559 (noting that district court considered "petitioner's ability to both investigate and articulate his claims without appointed counsel").

Here Petitioner has shown no likelihood of success. See Report and Recommendation of 5/30/06 (Doc. #6). As to the second factor, the Court is unable to assess the complexity of his claims because, despite the Court's efforts to obtain clarification from Petitioner regarding the nature of those claims, see Order Directing Petitioner to Clarify Relief Sought (Doc. #4) ("Order of 3/9/06"), he has failed to do so, see Undated Letter from Petitioner received by Court on 3/20/06 (Doc. #5).[2] Indeed, Plaintiff's recently filed notice of appeal, see Doc. #9, again refers to matters which appear to relate to the conditions of his confinement,[3] see id. (referring to medical treatment for a disease). It was precisely such reference in the Petition which prompted the Court to issue the Order of 3/9/06. See Order of 3/9/06 at 2. Relative to the third factor, the Court is similarly unable to determine whether the facts are undeveloped because the nature of Petitioner's claims is unclear. While Petitioner's filings indicate that his ability to

---

[2] Of the four questions which the Court directed Plaintiff to answer, see Order Directing Petitioner to Clarify Relief Sought (Doc. #4) ("Order of 3/9/06") at 2, Petitioner responded to only one, namely that the relief he seeks is to be released from his place of confinement, see Undated Letter from Petitioner received by Court on 3/20/06 (Doc. #5).

[3] The Court noted in its Order of 3/9/06 that the Petition appears to relate to the conditions of Petitioner's confinement at the ACI. See Order of 3/9/06 at 2.

investigate and articulate his claims without appointed counsel is very limited, in the absence of a potentially meritorious claim, this circumstance by itself is insufficient to warrant the appointment of counsel.

Accordingly, the motion for appointment of counsel is DENIED.

So ordered.

ENTER:

DAVID L. MARTIN
United States Magistrate Judge
September 15, 2006

BY ORDER:

Deputy Clerk